**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**
**CIVIL ACTION NO. 4:26-CV-00110-BJB-HBB**

**M.C.C.G.**                                                                            **PLAINTIFF**

**VS.**

**SAMUEL OLSON, et al.**                                                      **DEFENDANTS**

## <u>MEMORANDUM OPINION</u><br><u>AND ORDER</u>

Before the Court is the motion of Petitioner M.C.C.G. for leave to proceed under a pseudonym in the prosecution of her case (DN 4).  The United States has not responded.

<u>Nature of the Case</u>

Petitioner is a Mexican citizen who applied for a "U visa" and withholding of removal under the Convention Against Torture ("CAT") on August 1, 2025 (DN 4, p. 1).  On December 8, 2025, an immigration judge denied both applications (DN 4-1, p. 2).  Petitioner has appealed to the Board of Immigration Appeals (*Id.*).  On May 10, 2025, Petitioner was detained by Immigration and Customs Enforcement (DN 1, p. 2).  Because of her past criminal history, ICE issued a removal order on May 12, 2025 (*Id.*).  Petitioner appealed that order to the Seventh Circuit on July 28, 2025 (*Id.*).  Both appeals are currently pending (*Id.*).  While Petitioner's appeal is pending, her removal order is automatically stayed and Petitioner remains in custody (*Id.* at p. 3).  On February 25, 2026, Petitioner filed a petition for writ of habeas corpus asking for her release from detention pending resolution of her appeals or, alternatively, a show cause order that her detention is justified (*Id.*).  This motion to proceed under a pseudonym followed on February 26, 2026 (DN 4).

Petitioner is a victim of domestic violence, the basis for her U visa application, and has been threatened with sexual violence, murder, and torture in Mexico (DN 4-1, p. 2). Petitioner's brother was tortured and murdered and other family members have been threatened (*Id.*).

### Petitioner's Motion

Petitioner's motion requests leave to proceed under a pseudonym in her petition for habeas corpus relief because disclosing her identity could subject her to retaliation from those involved in the domestic violence and future persecution and torture in Mexico from her disclosure (DN 4). As part of her U visa application, Petitioner disclosed details of the domestic violence she suffered (DN 4-1, pp. 4-5). Petitioner avers that anonymity is warranted due to the "seriousness of the crimes" disclosed in her U visa application (*Id.* at. p. 4). Petitioner believes that because she already faces "explicit threats of further harm should she return to Mexico" that further retaliation is likely because she has disclosed the actions of "her abuser and persecutors" (*Id.* at pp. 4-5). Petitioner states that she has already given her identifying information to the United States, mitigating any prejudice the United States may suffer (*Id.* at p. 5).

### Discussion

Rule 10(a) of the Federal Rules of Civil Procedure requires that a complaint states the names of all parties. Anonymity is permitted in certain circumstances where the privacy interests of the plaintiff substantially outweigh the presumption of open judicial proceedings. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). To determine if anonymity is warranted, the Court considers:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (quoting *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)). The burden is on the plaintiff to demonstrate that the need for anonymity

2

outweighs both the presumption that a party's identity is public information and the risk of unfairness to the opposing party. *Doe v. Warren County*, No. 1:12-cv-789, 2013 U.S. Dist. LEXIS 25423, at *5 (S.D. Ohio Feb. 25, 2013). The undersigned will discuss only the first two factors as the remaining factors do not apply.

As to the first factor, Petitioner is challenging her detention at a government facility, thus she seeks anonymity to challenge governmental activity. This factor weighs in favor of granting leave to use a pseudonym. As to the second factor, Petitioner applied for a U visa and withholding of removal under the CAT. U visas are granted to immigrants who are victims of serious crimes and cooperate with law enforcement. *See Garcia v. United States Dep't of Homeland Sec.*, 25 F.4th 430, 436 (6th Cir. 2022) (citing 8 U.S.C. §§ 1103(a)(1), 1101(a)(15)(U)). Under the CAT, a claimant must show that they will more likely than not be tortured if returned to their country of origin. *See Elezaj v. Gonzales*, 163 F. App'x 358, 361 (6th Cir. 2005) (citing 8 C.F.R. § 1208.16). Both applications for a U visa and relief under CAT form the factual basis for her present habeas petition (DN 1). Akin to sexual assault, domestic violence and threats of torture and sexual violence are matters of utmost intimacy. *See Doe v. Streck*, 522 F. Supp. 3d 332, 334 (S.D. Ohio 2021).

Courts have found that past experiences of sexual abuse warrant permission for a petitioning victim to proceed anonymously, but here Petitioner faces not only past but future threats of harm. *Doe v. Fedex Ground Package Sys., Inc.*, No. 3:21-CV-00395, 2021 WL 5041286, at *9 (M.D. Tenn. Oct. 29, 2021). Being a victim of domestic violence, "public disclosure of her name would reveal extremely sensitive information that could result in potential retaliation from those involved in her domestic violence." (DN 4-1, p. 3). "To proceed anonymously for fear of retaliation and harassment a 'plaintiff must demonstrate that . . . retaliation is not merely

3

hypothetical but based in some real-word evidence; a simple fear is insufficient. . . A plaintiff can support his fear by demonstrating the need for anonymity to prevent retaliation, the reasonableness of the plaintiff's fear, the severity of the threatened harm, and the plaintiff's vulnerability.'" *Doe v. Snyder*, No. 12-11194, 2012 U.S. Dist. LEXIS 54492, at *4-5 (E.D. Mich. Apr. 18, 2012) (quoting *Doe v. Shalushi*, No. 10-11837, 2010 U.S. Dist. LEXIS 77331, 2010 WL 3037789, at *3 (E.D. Mich. July 30, 2010)).  Here, Petitioner states that "she has been threatened with sexual violence, murder, and torture in Mexico; her brother was tortured and murdered; and other family members have been targeted for murder and other harm." (DN 4-1, p. 2).  Petitioner's fears are reasonable because they are the result of threats, her brother was killed as a result of similar threats, and the harm threatened is severe.  This weighs in favor of granting leave to use a pseudonym.

As to any unfairness the opposing party would suffer, Petitioner asserts that she has shared her name and identifying immigration number with the Defendants (DN 4-1, p. 5) mitigating unfairness.  *Doe v. Warren County*, 2013 U.S. Dist. LEXIS 25423, at *5; *see Doe v. Snyder*, No. 12-11194, 2012 U.S. Dist. LEXIS 54492, at *5 (E.D. Mich. Apr. 18, 2012).  Upon consideration of the factors and circumstances, Petitioner has demonstrated that her privacy interests outweigh the presumption of open judicial proceedings.

**WHEREFORE**, Petitioner's motion for leave to proceed under a pseudonym (DN 4) is **GRANTED**.

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

March 20, 2026

Copies:  Counsel

4